**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Amanda McCarley, | **2:24-cv-01697-CDS-MDC** |
| Plaintiff, | |
| vs. | **ORDER DENYING IFP AND DISMISSING COMPLAINT** |
| Stout Insurance Company, LLC., *et al*, | |
| Defendant(s). | |

Pending before the Court is *pro se* plaintiff Amanda McCarley's *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 1) and Consolidated Amended Complaint ("Complaint") (ECF No. 6). For the reasons stated below, the Court DENIES her IFP application and DISMISSES her Complaint with leave to amend.

## DISCUSSION

### I.  BACKGROUND

Plaintiff initiated numerous suits against the same or similar defendants[1]. The Court noted that plaintiff alleged a variation of the same underlying allegations for each defendant. *See* ECF No. 5. The Court ordered plaintiff to file a consolidated amended complaint that sets fort all claims against each defendant in this consolidated action on or before November 7, 2024. *Id.* Presently before the Court are plaintiff's IFP application (ECF No. 1) and her consolidated Complaint (ECF No. 6).

//

//

//

---

[1] *McCarley v. Bolero Apartments*, 2:24-cv-001693-MDC;
*McCarley v. Stout Insurance Company, LLC, et al.*2:24-cv-001697-CDS-MDC;
*McCarley v. Viking Villas, LLC*, 2:24-cv-001698-JAD-NJK;
*McCarley v. Stout Management Company, et al.*, 2:24-cv-01706-CDS-MDC;
*McCarley v. Viking Villas, LLC, et al.*, 2:24-cv-01707-GMN-NJK;
*McCarley v. Bolero*, 2:24-cv-01710-JAD-MDC;
*McCarley v. Viking Villas, LLC, et al.*, 2:24-cv-01722-JAD-BNW

## II.  THE PURPOSE OF RULE 11 AND INCLUSION OF UCC § 1-308

Upon reviewing plaintiff's IFP application and Complaint, the Court noted that plaintiff included with her signature, "UCC 1-308." This contravenes one of the fundamental purposes of Rule 11. The Federal Rule of Civil Procedure 11(a) states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

"One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers …thereby avoiding delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotations omitted). In sum, "Rule 11 is aimed at curbing abuses of the judicial system." *Bus. Guides, Inc. v. Chromatic Communs. Enters.,* 498 U.S. 533, 542, 111 S. Ct. 922, 928 (1991) (internal quotations omitted).

Plaintiff includes "UCC 1-308" next to her name. The relevant portion of UCC § 1-308 states,

> A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest," or the like are sufficient.

UCC § 1-308(a).

While the intended meaning is unclear, the Court notes that including "UCC 1-308" is a frequent and common tactic by those who adhere to the sovereign citizen movement. *See Tiffany v. Karen*, 2023 U.S. Dist. LEXIS 91639, at *4 (D. Nev. May 25, 2023) ("Plaintiff also appears to have included in the signature line a reference to "UCC 1-308" which appears to refer to some sort of reservation of rights. This is common in Moorish pleadings because they believe that by "reserving your rights" you can avoid the potential consequences of untruthful answers."); *see also Harper v. California Dep't of Corr. & Rehabilitations*, 2022 U.S. Dist. LEXIS 57821, at *2 (E.D. Cal. March 29, 2022) (collecting cases) (finding that inclusion of UCC 1-308 "has been used by persons who consider themselves to be 'sovereign citizens.'"). While the Court does not have reason to believe plaintiff adheres to the

sovereign citizen movement, the Court believes that plaintiff intends to include UCC § 1-308 as a means to "avoid the potential consequences of untruthful answers." Plaintiff cannot seek to absolve herself from the consequences of untruthful or "frivolous" pleadings and/or filings. *C.f. United States v. Sykes,* 614 F.3d 303, 306 n.2 (7th Cir. 2010) (characterizing defendant's claim that the UCC relieved him of criminal liability as "bizarre"). The purpose of Rule 11 is undermined when filers, such as plaintiff, seek to "reserve her rights" and thereby avoid the penalty such consequences. *See* Fed. R. Civ. P. 11(b)-(c) (permitting sanctions for violations of the rule).

To the extent that plaintiff attempts to assert such sovereign citizen/Moorish ideology in her IFP application and Complaint, the Court rejects them. This Court and many others have rejected such movements. *See Harper*, 2022 U.S. Dist. LEXIS 57821, at *2; *see also United States v. Studley*, 783 F.2d 934, 937, fn.3 (9th Cir. 1986) (finding that arguments based on sovereign citizen ideology is frivolous and grounds for sanctions).

### III. IFP APPLICATION

#### A. Legal Standard

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have

the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. See, e.g., *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16cv00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

### B.  Analysis

#### a.  Failure To Sign

The Court finds that plaintiff failed to sign the IFP application. Therefore, the application is incomplete. As discussed above, the signature requirement of Rule 11 serves as a certification of compliance. Including "UCC § 1-308" in an attempt to avoid the consequences of non-compliances contravenes the purpose of the Rule. Thus, this calls into question the veracity of plaintiff's answers in the IFP application. Therefore, the Court will deny the IFP application on these grounds but will plaintiff a chance to cure this deficiency. Should plaintiff choose to file a new IFP application, she is cautioned that she cannot include "UCC § 1-308" or similar methods to "reserve her rights."

#### b.  Other Deficiencies

Plaintiff's IFP application is deficient on other grounds. Plaintiff reports that in the past 12-months she received, on average, $2,737 a month but expects to receive $0 in the following months. ECF No. 1 at 1-2. Plaintiff reports no money in her savings and/or checking account. *Id.* at 2. Plaintiff also reports no assets (i.e., no home, vehicle, or otherwise). *Id.* at 3. Plaintiff does not report any rent or mortgage payments.  Nor does plaintiff explain her housing circumstances.  This is an issue that needs clarification because plaintiff states that she spends $198 a month in utilities and $50 a month in home

maintenance. *Id.* at 4. Plaintiff also notes that she spends $32 a month in homeowner's or renter's insurance. The Court finds this inconsistent with plaintiff's lack of rental payments and/or mortgage payments. Plaintiff also reports that she spends $280 a month on transportation expenses (not related to vehicle payments). *Id.* It is unclear whether these expenses are related to public transportation costs or for gas. However, should these be gas payments, the Court finds this inconsistent with plaintiff's claims that she has no motor vehicle related assets. Because plaintiff's answers in her IFP application are inconsistent, the Court also denies her application on these grounds. The Court will give plaintiff an opportunity to amend her IFP application. Plaintiff new, long-form IFP application must address these inconsistencies as well as the Court's signature concerns.

## IV. COMPLAINT: FAILURE TO SIGN

Based on its discussion above, the Court finds that plaintiff failed to sign her Complaint (ECF No. 6). Because Plaintiff did not sign the complaint, the Court cannot consider it for screening. Rule 11 provides that "omission of the signature" may be "corrected promptly after being called to the attention of the attorney or party." As such, the Court will grant plaintiff an opportunity to cure the defect. If plaintiff chooses to cure the defect, she should file the new, properly signed complaint, in the form of an amended complaint. Thus, plaintiff may not merely file a signature page.  Plaintiff is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). ("[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (internal citations omitted). Plaintiff must not include "UCC § 1-308" in her signature, or any similar "reservation of rights."

## V.  ADDRESS

The Court notes that there are some discrepancies in plaintiff's address. Plaintiff's Complaint (ECF No. 6) notes that plaintiff is residing at 1556 E. Viking Rd., Apt. 1, Las Vegas, NV, 89119.

However, her "Certificate of Service" page lists 10120 W. Flamingo Rd., Ste 4-215, Las Vegas, NV 89147 as an address. Plaintiff is reminded that LR IA 3-1 requires her to "immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number." Thus, plaintiff should clarify whether her Viking Rd. address or her W. Flamingo Rd. address is correct.

Plaintiff is advised that she cannot initiate service of process upon the defendants until plaintiff's IPF application is approved and her amended and signed Complaint is screened.  ACCORDINGLY,

**IT IS ORDERED that:**

1.  The IFP application (ECF No. 1) is **DENIED WITHOUT PREJUDICE.**

2.  Plaintiff must file a new long-form IFP application or pay the full filing fee by no later than **December 12, 2024**, addressing the deficiencies. Failure to timely comply with the Court's order may result in a recommendation that this case be dismissed.

**3.**  The Consolidated Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE.**

4.  The Clerk of Court is kindly directed to send to plaintiff a [1] copy of this order, [2] the form for filing a civil complaint, and [3] a copy of plaintiff's Consolidated Amended Complaint (ECF No. 6).

5.  If plaintiff choose to file an Amended Complaint addressing the Court's concerns, she must use the approved form and write the words "Second Amended Complaint" in the caption.

6.  Plaintiff must submit the properly signed amended complaint, **without use of UCC § 1-308 or other similar "reservation of rights,"** by no later than **December 12, 2024.** Failure to timely comply with the Court's order may result in a recommendation that this case be dismissed.

7.  If Plaintiff files an amended complaint, the Clerk of Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.

DATED this 12th day of November 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge