UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Amanda Jean McCarley, | Case No. 2:24-cv-001697-CDS-MDC |
| Plaintiff | **Order Taking Judicial Notice of Bankruptcy, Entering Automatic Stay, and Denying Motions without Prejudice** |
| v. | |
| Stout Insurance Company, LLC, et al., | |
| Defendants | [ECF Nos. 10, 15, 18, 19, and 20] |

Under Federal Rule of Evidence 201, the court sua sponte[1] takes judicial notice that plaintiff Amanda McCarley filed a chapter 7 bankruptcy on November 12, 2024, in United States Bankruptcy Court for the District of Nevada, under case number 24-15946-abl. A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Such facts include taking judicial notice of court records and filings as matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) (matters of public record, such as publicly available court records, are subject to judicial notice).

Because McCarley filed a chapter 7 bankruptcy, this action is stayed pursuant to 11 U.S.C. § 362(a). *See, e.g.*, *Sternberg v. Johnston*, 595 F.3d 937, 943 (9th Cir. 2010) ("When a debtor files for bankruptcy, [they are] immediately protected by an automatic stay under 11 U.S.C. § 362(a), which provides that a bankruptcy petition . . . 'operates as a stay . . . of the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor . . . .'" (quoting 11 U.S.C. § 362(a)).

---

[1] The court was alerted to McCarley's bankruptcy proceedings by the notice of bankruptcy she filed in 2:24-cv-001761 at ECF No. 20. That notice was subsequently stricken in that case because it was filed into a closed action. It is unclear why the notice was not filed in this action.

Because this action is now stayed, McCarley's pending motions cannot proceed unless and until the automatic stay is lifted. Consequently, all pending motions, including her application to proceed *in forma pauperis*, are denied without prejudice.

## Conclusion

IT IS HEREBY ORDERED that the automatic stay under 11 U.S.C. § 362 is activated immediately upon the filing of the bankruptcy petition and remains in effect either until the entry of an order granting or denying discharge or closing or dismissing the chapter 7 bankruptcy case, or until the entry of an order granting relief from stay pursuant to 11 U.S.C. § 362(d), (e), (f). Therefore, this is action is STAYED pending resolution of McCarley's bankruptcy proceedings.

IT IS FURTHER ORDERED that McCarley's pending motions **[ECF Nos. 10, 15, 18, 19, and 20] are DENIED without prejudice**.

The Clerk of Court is instructed to administratively close this case, to be reopened after the conclusion of the bankruptcy proceedings upon written request and application of McCarley, and order of this court.

Dated: December 3, 2024

_____
Cristina D. Silva
United States District Judge