# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Amanda McCarley, | Case No. 2:24-cv-01697-CDS-MDC |
| Plaintiff | **Order Denying Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b), Lifting Stay and Issuing Show Cause** |
| v. | |
| Stout Insurance Company, LLC, et al., | [ECF Nos. 22, 23] |
| Defendants | |

Pro se plaintiff Amanda McCarley filed a motion relying on Federal Rule of Civil Procedure 60(b), which I liberally construe as a motion to lift the stay entered in this action. ECF No. 23. Having reviewed the motion, I have determined that no response from defendants is necessary. For the reasons set forth herein, the motion for relief under Federal Rule of Civil Procedure 60(b) is denied. However, construed as a motion to lift the stay, it is granted for the limited purpose of determining jurisdiction. Finally, I issue an order to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

I.   Discussion

   A.   Rule 60(b) motion

Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order or proceeding for" any of the reasons stated therein. Fed. R. Civ. P. 60(b). Rule 60(b) does not, however, "provide relief from judgments, orders, or proceedings that are not final decisions within the meaning of 28 U.S.C. § 1291, which generally cannot be appealed immediately." *Meas v. City & Cnty. of San Francisco*, 681 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010); *see also United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) (finding Rule 60(b) applies only to motions attacking "final, appealable orders"). *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583 n.1 (D. Ariz. 2003) ("Plaintiffs cannot avail themselves of Fed. R. Civ. P. . . . 60(b) which only

appl[ies] to reconsideration of final judgments and appealable interlocutory orders" (internal quotations omitted)).

"A final order is a 'decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Ballard v. Baldridge*, 209 F.3d 1160, 1160–61 (9th Cir. 2000) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal citation omitted)); *Corn v. Guam Coral Co.*, 318 F.2d 622, 629 (9th Cir. 1963) ("[T]he 'final' judgments, orders or proceedings referred to in the first sentence of [Rule 60(b)] . . . are those which terminate the litigation in the district court subject only to the right of appeal"). Here, no final order has been rendered. Rather, the court entered a stay, and as result thereof, denied all of McCarley's pending motions without prejudice. *See* Stay order, ECF No. 21 at 2. Thus, the court cannot grant relief pursuant to Rule 60(b), so McCarley's motion under that rule is denied. The court liberally construes the motion, however, to be one seeking to lift the stay I entered after McCarley filed chapter 7 bankruptcy. As construed, McCarley's motion to lift the stay is granted at this time for the limited purpose of determining jurisdiction.

### B. Order to show cause why this action should not be dismissed for lack of subject matter jurisdiction

The court further orders McCarley to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. This court previously remanded an eviction action involving the same parties, and seemingly the same (or similar) allegations, in November 2024 for lack of subject matter jurisdiction. *See Bolero v. McCarley*, 2024 U.S. Dist. LEXIS 206570 (D. Nev. Nov. 13, 2024).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (internal citation omitted). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1089 (9th Cir. 2002) (cleaned up). Stated otherwise, for this court to have subject matter jurisdiction over McCarley's complaint, she must allege a federal question on the face of her properly pleaded complaint, meaning that the complaint must allege federal question jurisdiction in its factual allegations. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."). However, although the Ninth Circuit has long instructed that the court must construe a pro se litigant's pleadings liberally, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), a plaintiff may not invoke the limited jurisdiction of federal courts "so simplistically" as to merely allege violations of the United States Constitution or federal laws. *See Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992); *Kent v. Placer County DA*, 2008 U.S. Dist. LEXIS 36903 (E.D. Cal. Apr. 22, 2008) (although plaintiff appears to invoke the court's federal question jurisdiction by alleging numerous violations of plaintiff's constitutional rights and referring to 42 U.S.C. § 1983, mere reference to federal statutes and constitutional provisions does not establish federal question jurisdiction). Rather, "a plaintiff's obligation to provide the 'grounds' of [their] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, McCarley claims there is both diversity and federal question jurisdiction. As explained in my order dismissing McCarley's other case,

> Diversity jurisdiction requires complete diversity of citizenship between the parties. 28 U.S.C. § 1332; *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant. Here, McCarley states that she and Bolero "are citizens of different states, and the amount in controversy exceeds $75,000," ECF No. 6 at 2, but the citizenship attributed to the Bolero apartment complex is unclear and this statement alone is insufficient to establish diversity of citizenship.

> Further, federal courts have diversity jurisdiction when there is "complete diversity among the parties and an amount in controversy in excess of $75,000." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018) (citing 28 U.S.C. § 1441(a)) (emphasis added).

*See Bolero*, 2024 U.S. Dist. LEXIS 206570, at *4. Here, the amended complaint states that defendant Stout Insurance Company is a Nevada-based business. *See* ECF No. 16 at 3. Thus, there is no diversity of parties, so this court does not have diversity jurisdiction over this action.

The complaint also fails to supply sufficient allegations to potentially confer federal jurisdiction. In fact, it sets forth allegations so sparce that this court cannot determine whether federal question jurisdiction is conferred. *See* ECF No. 16 at 5. For example, McCarley claims that Bolero failed to provide a W-9 form which caused "a violation of IRS regulations." *Id.* No specific IRS regulation is identified. She also alleges that "all Defendants" violated 42 U.S.C. §§ 1981 and 1983 but provides *no* allegations as to how defendants allegedly violated those statutes. *Id.* The amended complaint's allegations do not appear to create federal question jurisdiction and McCarley's mere references to federal law, without more, does not confer federal question jurisdiction.

Accordingly, McCarley is ORDERED TO SHOW CAUSE by March 12, 2025, why this court has subject matter jurisdiction over this case. Failure to do so will result in dismissal of this action without prejudice. Her response may not exceed eight pages. Attachments or amended pleadings **are not permitted**. No other filings from McCarley may be made until after the court determines the issue of subject matter jurisdiction.

## II.      Conclusion

IT IS THEREFORE ORDERED that the duplicate motion docketed at **[ECF No. 22] is STRICKEN**.

IT IS FURTHER ORDERED that McCarley's motion for relief pursuant to Rule 60(b) is denied. However, that the motion, which the court construes as a motion to lift the stay, [ECF No. 23] is GRANTED **for the limited purpose of determining jurisdiction**.

IT IS FURTHER ORDERED that McCarley must SHOW CAUSE by **March 12, 2025**, why this court has subject matter jurisdiction over this case. Failure to do so will result in dismissal of this action without prejudice and without further notice.

IT IS FURTHER ORDERED that McCarley's response to the show-cause order may not exceed eight pages and attachments or amended pleadings **are not permitted**.

IT IS FURTHER ORDERED that McCarley may not make any other filings in this action until after the court determines the issue of subject matter jurisdiction.

Date: February 21, 2025

_____
Cristina D. Silva
United States District Judge