UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Amanda McCarley, | Case No. 2:24-cv-01697-CDS-MDC |
| Plaintiff | **Order Dismissing Case for Lack of Subject Matter Jurisdiction and Denying as Moot Plaintiff's Pending Motions** |
| v. | |
| Stout Insurance Company, LLC, et al. | [ECF Nos. 28, 29, 30, 32] |
| Defendants | |

On February 21, 2025, I issued an order to show cause requiring plaintiff Amanda McCarley to show cause why this court has subject matter jurisdiction over this action. *See* Order, ECF No. 25 at 2–4. McCarley filed a response to the show cause order on February 24, 2025. Resp., ECF No. 27. McCarley also filed a motion for sanctions (ECF No. 28), motion to deem defendants vexatious (ECF No. 29), motion for summary judgment (ECF No. 30), and a motion for default judgment (ECF No. 32). For the reasons set forth herein, I find that I lack subject matter jurisdiction over this action, so I dismiss this case.

I.  Discussion

As I explained in the show-cause order, the amended complaint's allegations, on their face, do not appear to create federal question jurisdiction,[1] and McCarley's mere references to federal law, without more, do not confer federal question jurisdiction. *See* ECF No. 25 at 4. McCarley's response suffers even more deficiencies than her amended complaint. McCarley merely cites various federal law, and case law, without providing any explanation as to how the defendants allegedly violated those statutes, or how the case law she references demonstrates this court has subject matter jurisdiction over this action. *See generally* ECF No. 27. Stated otherwise, McCarley has failed to meet her burden showing subject matter jurisdiction exists

---

[1] I previously determined there is no diversity jurisdiction. *See* ECF No. 25 at 4 ("[T]here is no diversity of parties, so this court does not have diversity jurisdiction over this action."). Nothing in McCarley's filings changes this determination, so it is incorporated in this order as if fully set forth herein.

here. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (plaintiff bears the burden of establishing that subject-matter jurisdiction is proper). Both the amended complaint and McCarley's response to the order to show cause suggest that she is attempting to litigate an ongoing eviction matter here, without either diversity or federal question jurisdiction. Proper jurisdiction of eviction matters is state court.

Accordingly, I dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if it determines it lacks subject-matter jurisdiction). As a result, the remainder of McCarley's motions are denied as moot.[2]

Finally, McCarley is warned that further attempts to litigate her disputes against these defendants or others related to the underlying eviction proceeding with this claim will not be looked upon kindly and may be grounds to declare McCarley a vexatious litigant. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817–18 (4th Cir. 2004) (stating that a court has the authority to issue a prefiling injunction against a vexatious litigant; adding that such an injunction is warranted when a litigant has continually abused the judicial process by filing meritless and repetitive actions); *see also Bernard-Ex v. Carter*, 2023 WL 11831860, *2 (D. Nev. Jan. 10, 2023) (Order warning plaintiff "that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.").

---

[2] The court notes that it ordered that McCarley not file any additional motions until after this court resolved the question of subject matter jurisdiction. *See* Order, ECF No. 25 ("No other filings from McCarley may be made until after the court determines the issue of subject matter jurisdiction."). McCarley defied this order and filed these four additional motions. McCarley is reminded that she must follow the rules and order of the court. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Self-representation is not an excuse for non-compliance with the court's rules and orders. *Swimmer v. I.R.S.*, 811 F.2d 1343, 1344 (9th Cir. 1987) ("Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted). McCarley is further cautioned that failure to comply with any procedural requirements, including any court orders, may result in the imposition of sanctions up to and including dismissal of the case. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

II. Conclusion

IT IS HEREBY ORDERED that this case is dismissed for lack of subject matter jurisdiction, therefore McCarley's motions **[ECF Nos. 28, 29, 30, 32] are DENIED as moot.**

IT IS FURTHER ORDERED that the order to show cause (ECF No. 25) is discharged.

The Clerk of Court is kindly instructed to close this case. No other documents may be filed in this now-closed case.

Dated: April 7, 2025

_____
Cristina D. Silva
United States District Judge